AT

## DES MOINES, DECEMBER TERM, A. D. 1887,

IN THE FORTY-FIRST YEAR OF THE STATE.

---

PRESENT:

Hon. AUSTIN ADAMS, Chief Justice.
" WILLIAM H. SEEVERS,
" JOSEPH R. REED,
" JAMES H. ROTHROCK, } Judges.
" JOSEPH M. BECK.

---

## The Illinois Central R'y Co. v. Hamilton County et al.

1. **Railroads:** TAXATION FOR CITY PURPOSES: LINE WITHIN CITY LIMITS. Railroad property is taxable for general city purposes by a city through whose territory its line runs, at the rate per mile fixed by the executive council, for each mile of its main track included within the city limits; and it makes no difference that a portion of the main track so included (four-fifths in this case) traverses agricultural lands which are not taxable for general city purposes.

2. ———: ———: ROAD TAX IN ADDITION TO GENERAL TAX. A city has no power to levy a special road tax on property which is taxable for general city purposes, but only upon property within the corporate limits which is not subject to such general tax. Accordingly, *held* that a city has no power to levy a special road tax on railroad property within its limits, such property being taxable for general city purposes.

*Appeal from Hamilton District Court.*

TUESDAY, DECEMBER 6.

ACTION in equity to restrain the collection of certain taxes levied on plaintiff's property by the authorities of Webster City. The district court sustained a demurrer to the petition, and, plaintiff electing to stand on the demurrer, judgment was entered dismissing the petition. Plaintiff appeals.

*John F. Duncombe*, for appellant.

*N. B. Hyatt*, for appellee.

REED, J.—There is included within the corporate limits of Webster City a large amount of agricultural lands which are not subject to taxation for general city purposes. Plaintiff's railroad extends through the corporate limits of the city for about five miles. Only about one mile of the main track, however, lies within that portion of the territory which is subdivided into blocks and lots. Plaintiff was taxed for general city purposes on a valuation which was determined by multiplying the valuation per mile, as fixed by the executive council, upon the main track by the number of miles of track within the corporate limits. It denied that it was subject to taxation for city purposes in that portion of the track which is outside of the subdivided territory, and it paid a part of the tax which bears the same proportion to the whole amount thereof as the portion of the track within the subdivided territory bears to the number of miles within the corporate limits, and brought this action to restrain the collection of the remainder.

I. The provisions of statute governing the assessment of railroad property for purposes of taxation, and the levy of

1. RAILROADS. taxation for city purposes: line within city limits.

taxes thereon, are contained in sections 1317–1322 of the Code. It is provided that the right of way, road-bed, bridges, culverts, rolling stock, station grounds, shops, buildings, and all other real and per-

sonal property exclusively used in the operation of the railway, is to be included in the assessment, which is made by the executive council. The valuation, however, is to be fixed at so much per mile of the main track, the amount being arrived at by dividing the sum of the values of all the items included in the assessment by the number of miles in the main track; and it is made the duty of the executive council to transmit to the county auditor of each county through which any railroad runs a statement showing the number of miles of track within his county, and the rate per mile at which the same is assessed. Section 1321 is as follows: " At the first meeting of the board of supervisors held after said statement is received by the county auditor, they shall make, and cause to be entered in the proper record, an order, stating and declaring the length of the main track, and the assessed value of such railway lying in each city, town, township, or lesser taxing district in their county, through which said railway runs, as fixed by the executive council, which shall constitute the taxable value of said property for taxable purposes, and the taxes on said property, when collected by the county treasurer, shall be paid over to the persons or corporations entitled thereto as other taxes, and the county auditor shall transmit a copy of said order to the city council or trustees of such city, incorporated town, or township." And section 1322 provides that " such railway property shall be taxable upon said assessment at the same rates, by the same officers, and for the same purposes, as the property of individuals within such counties, cities, towns, townships and lesser taxing districts."

The effect of these provisions is plain. By them the valuation upon which the railroad company is to be taxed within any city or other corporation or taxing district is to be determined from the number of miles of main track within the corporation or district, as determined by the order of the board of supervisors, and the valuation per mile, as fixed by the executive council. No other basis is provided for deter-

mining the valuation of the property for purposes of taxa-
tion. The scheme or plan of the statute is to treat the prop-
erty, although it may consist of many distinct parcels or
tracts of real estate, and many articles of personalty, as an
entirety, and assess it as such; and, as the owner is subject
to taxation for local purposes, the values upon which such
taxes shall be levied are arrived at by taking for those pur-
poses a proportion of the aggregate valuation corresponding
with that which the property lying within the corporation or
taxing district bears to the whole property assessed. The
order of the board of supervisors determining the number
of miles of track within the cities, incorporated towns and
taxing districts is not in any sense an assessment or valua-
tion of those portions of the property; but its office is to
fix the proportion of the aggregate assessment or valuation
made by the executive council, which shall be subject to the
local taxes levied by the corporations or districts. The pro-
visions of the statute, exempting agricultural and horticul-
tural lands lying within the limits of incorporated towns
and cities from taxation for city purposes, have no appli-
cation to property of this character. Nor does the case
involve the grounds upon which it has been held that lands
so situated could not be subject to such taxation, which are
that the lands are in no manner benefited or protected by
the city government. (See *Morford v. Unger*, 8 Iowa, 82.)
For, as we have seen, the statute does not provide for the
assessment of outside property for taxation within the city,
but establishes merely a rule by which may be determined
the proportion of the aggregate assessment upon which the
company shall be taxed for local purposes.

II. The tax levy amounted to 12 mills on the dollar,
seven mills being levied for general city purposes, and five

2. ——: ——:
road tax in
addition to
general tax.

mills as a road or highway tax. The city, while
it has power to levy a road tax upon property
within its limits which is not subject to taxation
for general municipal purposes, (chapter 158, Acts Nine-

teenth General Assembly,) has no power to levy such tax upon property which is subject to taxation for general purposes, and 10 mills is the extent to which it may tax for general purposes. (Code, § 496.) As plaintiff is subject to taxation for general purposes on the whole valuation, it is not liable for the road tax. The demurrer should therefore have been overruled as to the paragraphs of the petition in which relief is demanded against said road tax, and the judgment as to that tax will be reversed; but as to the tax for general purposes it will be affirmed. The case will be remanded for a final judgment in the district court, or, if defendant so elects, it may answer as to the road tax.

REVERSED.